UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
**Richmond Division**



MARK F. GUIMOND
KALLIE A. GUIMOND, on behalf of
themselves and others similarly situated

       Plaintiff,

v.                CIVIL ACTION NO. 3: 12CV606

TOYOTA MOTOR CREDIT CORPORATION,

       Defendant.

## CLASS ACTION COMPLAINT

COMES NOW the Plaintiffs, **MARK F. GUIMOND and KALLIE A. GUIMOND**

(hereafter the "Plaintiffs"), by counsel, and for themselves and others similarly situated, they state

as follows:

### PRELIMINARY STATEMENT

1.     This is a class action complaint prosecuted for the Defendant's violations of the

Federal Equal Credit Opportunity Act (ECOA), 15 U.S.C. §1691, *et seq.* The Defendant accepts

and processes consumer credit applications, services existing credit accounts, participates in

adverse actions against consumers and accesses consumer credit reports. Despite this role, the

Defendant does not provide consumers with notices of adverse action that comply with the

ECOA. Specifically and by example, its notice withhold and do not reveal or disclose the

accurate address at which consumers can request a statement of specific reasons for adverse

actions, as required under the ECOA. Further, such conduct violated the Virginia Equal Credit

Opportunity Act (VECOA), Virginia Code §6.2-500, *et seq.*

### JURISDICTION

.

2.     This complaint is filed for violations of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §1691 *et seq.*  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1691e. Further, the Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.  Venue is proper as the Defendant transacts its business in the Eastern District of Virginia, Richmond Division where it also maintains its registered office and agent.

## PARTIES

3.     The Plaintiffs to this lawsuit, **MARK F. GUIMOND and KALLIE A. GUIMOND**, are natural persons and are "consumers" and "applicants" for the purposes of the ECOA and the VECOA.

4.     The Defendant to this lawsuit, Toyota Motor Credit Corporation ("Toyota") is a "creditor" for purposes of the ECOA and the VECOA.

## FACTS

5.     Plaintiff Mark Guimond had previously sued Equifax as a result of errors on his credit report.  As a result of this, Plaintiff Mark Guimond exercised his lawful option under the Fair Credit Reporting Act to have his credit report taken offline or frozen by Equifax.  As such it was not then available by automated means and would require manual request by a potential creditor (or other user).

6.     In January 2011, Plaintiffs jointly applied for credit from Defendant to finance the purchase a motor vehicle.

7.     On January 25, 2011, Defendant took an adverse action regarding Plaintiff's application for credit.  Defendant denied said credit and stated that the basis for the denial was

2

"access to credit report denied".

8.   In fact, Defendant did access Plaintiffs' credit reports including at least both Experian and Equifax.

9.   However, what really occurred was that Defendant received – solely for Mr. Guimond's Equifax report – a message that it could access his report by manually contacting and telephoning Equifax. It received Mrs. Guimond's reports and Mr. Guimond's Experian report without event.

10.   Defendant's statement of the reason(s) for its adverse action was incorrect and inadequate. The adverse action notice that Defendant mailed to the Plaintiffs was confusing and failed to lawfully and truthfully inform the Plaintiffs of the basis or statement of reasons for the Defendant's adverse action.

11.   In addition, Defendant's adverse action was based on an impermissible reason– that is, Plaintiffs' exercise of his FCRA rights to freeze his Equifax credit report offline.

12.   Plaintiff believes that Defendant has provided the same inaccurate and insufficient adverse action notice to numerous consumers.

13.   Upon information and belief, Defendant has no procedures in place to avoid the violations of the ECOA as alleged in this complaint.

## CLASS ALLEGATIONS

14.   This action is brought as a class action pursuant to Fed. R. Civ. P. 23(b)(2) on behalf of the following national class of individuals ("ECOA Class"):

> (a.) All natural persons who have applied for credit with **TOYOTA MOTOR CREDIT CORPORATION** within the preceding two years; (b.) to whom **TOYOTA MOTOR CREDIT CORPORATION** did provide an ECOA adverse action notice; (c.) that stated as its basis for such decision: "access to credit report

3

denied".

15.   This action is also brought as a class action pursuant to Fed. R. Civ. P. 23(b)(3) on behalf of the following Virginia class of individuals ("VECOA Class"):

> (a.) All natural persons who have applied for credit with **TOYOTA MOTOR CREDIT CORPORATION** within the preceding two years; (b.) at the time they resided in the Commonwealth of Virginia (c.) to whom **TOYOTA MOTOR CREDIT CORPORATION** did provide an ECOA adverse action notice; (d.) that stated as its basis for such decision: "access to credit report denied".

16.   Upon information and belief, the Plaintiffs allege that the class of persons to be represented is so numerous that joinder of all members is impractical.

17.   There are questions of law and fact common to the class and Plaintiffs' claims are typical of the claims of all the potential class members. All are based on the same legal and remedial theories and the exact same denial letters. All are based on the simple class questions of whether or not Defendant's statement of reasons for denial was legally complete and accurate and whether or not its refusal to accept credit applications from consumers who had requested that a consumer reporting agency freeze their credit report was an unlawful discriminatory basis for adverse action.

18.   Plaintiffs will fairly and adequately protect the interest of the class. Plaintiffs have retained counsel who is experienced in handling class actions and litigation under the Federal Consumer Credit Protection Act. They are committed to the class and have no conflict with it.

19.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy as to the VECOA class. There are no individual issues that would burden or impede litigation in the aggregate. Class resolution will provide a uniform decision on the legality of the Defendant's standard process. Further, absent class representation, it is certain

that most class members will be unaware of their rights or be able to obtain adequate legal representation to prosecute those rights.

20. Defendant has acted or refused to act on grounds that apply generally to the ECOA class such that uniform injunctive and/or declaratory relief is appropriate.

## COUNT I – Equal Credit Opportunity Act

21. Defendant violated the ECOA as to the Plaintiff and the putative ECOA class in two ways: (a.) it violated 15 U.S.C. § 1691(a)(3) as to the Plaintiffs and putative class members when it took adverse action against them because they had attempted or previous had exercised their rights to enforce or obtain protections under the FCRA; and (b.) it violated 15 U.S.C. § 1691(d) as to the Plaintiffs and putative class members by failing to provide notice containing an understandable, complete and accurate statement of reasons for such adverse action.

22. The Plaintiffs and the putative ECOA class are entitled to injunctive relief requiring the Defendant's compliance with the ECOA and its delivery to each class member of lawfully compliant adverse action notices.

23. The Plaintiffs and the putative ECOA class are entitled to a declaration that Defendant has violated the ECOA as to each class member so that each class member, if he or she so chooses, may thereafter pursue their claim for damages.

## COUNT II – Virginia Equal Credit Opportunity Act

24. Defendant also violated the Virginia Code §6.2-503 as to the Plaintiff and the putative VECOA class as to the Plaintiffs and putative class members by failing to provide notice containing an understandable, complete and accurate statement of reasons for such adverse action.

25. The Defendant is liable to the Plaintiffs and the putative VECOA class for

damages of $10,000.00 per violation of the VECOA, plus attorneys' fees and costs pursuant

Virginia Code §6.2-505.

WHEREFORE, your Plaintiffs move for judgment for themselves and on behalf of the

defined classes against the Defendant for damages, attorneys' fees and costs, injunctive and

declaratory relief, and such other specific or general relief the Court does find just and

appropriate. **TRIAL BY JURY IS DEMANDED**

Respectfully submitted,

**MARK F. GUIMOND**
**KALLIE A. GUIMOND**

By_____
Of Counsel

Leonard A. Bennett
VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia
(757) 930-3660
(757) 930-3662 facsimile
lenbennett@clalegal.com

Thomas R. Breeden
VSB # 33410
THOMAS R. BREEDEN, PC
10326 Lomond Drive
Manassas, Virginia 20109
(703) 361-9277
(703) 257-2259 facsimile
trb@tbreedenlaw.com