# EXHIBIT 1
## to Request for Judicial Notice

**EXHIBIT 1**
to Request for Judicial Notice

# EQUAL CREDIT OPPORTUNITY ACT AMENDMENTS AND CONSUMER LEASING ACT—1975

## HEARINGS
BEFORE THE

### SUBCOMMITTEE ON CONSUMER AFFAIRS
OF THE

### COMMITTEE ON BANKING, HOUSING AND URBAN AFFAIRS
### UNITED STATES SENATE

NINETY-FOURTH CONGRESS

FIRST SESSION

ON

### S. 483, S. 1900, S. 1927, S. 1961, and H.R. 5616
BILLS TO AMEND THE EQUAL CREDIT OPPORTUNITY ACT AND THE TRUTH IN LENDING ACT

JULY 15, 17, AND 24, 1975

Printed for the use of the
Committee on Banking, Housing and Urban Affairs



U.S. GOVERNMENT PRINTING OFFICE

57-348 O                    WASHINGTON : 1975



BEST COPY AVAILABLE        S241-42    39

LIS - 15

268

Statement of Forrest D. Jones
On Behalf of the American Bankers Association
Before the Subcommittee on Consumer Affairs of
the Senate Committee on Banking, Housing and
Urban Affairs on S. 1927, S. 483, H.R. 6516

July 17, 1975

Mr. Chairman and Members of the Subcommittee:

I am Forrest D. Jones, Executive Vice President of the Fidelity Bank, N.A., Oklahoma City. I am also Chairman of the Instalment Lending Division of the American Bankers Association, a trade group comprising 96% of the nation's 14,000 banks; and appear to present the views of that organization.

Our Association would like to commend the primary objectives of the respective sponsors of the three bills which would amend the Equal Credit Opportunity Act. The intent of this legislation is no doubt to insure that all persons, regardless of class, will receive an equal opportunity to have their respective credit applications considered without being subject to any discriminatory attitudes or practices by a credit granting organization. We in the banking industry accordingly endorse any effort necessary to provide to all persons an equal opportunity to obtain credit. Such an endorsement is a logical response in keeping with our long-standing policy of opposing discrimination in lending for any reason.

In prior testimony on this issue, we indicated our assessment of the existing statutes prompted a position that additional

(800) 666-1917
LEGISLATIVE INTENT SERVICE


274

<u>Exercise of Rights Under This Act or Other Law</u>--This section contemplates prohibiting a retaliatory credit denial or termination following an applicant's effort to avail himself of his legal rights against a creditor. We have not seen evidence of any widespread practice of this nature which would justify the need for special protection as contemplated in this legislation, but we certainly would not oppose the principle inherent in this provision.

<u>Any Other Factors as Determined by the Federal Reserve Board</u>--We would reiterate our position that a prohibition should exist against a denial of credit for reasons not related to creditworthiness. However, we submit that open-end language such as this which reposes broad and vague powers in the Federal Reserve Board is an unwise provision. The Board should not be burdened with the problem of listening to and discerning the needs of all classes wishing special recognition in the credit field. The public should continue to address its requests for special legislation to the U.S. Congress.

Our discussion, to this point, has been an endorsement of the effort to provide an equal credit opportunity to all persons along with suggestions directed to certain provisions which deserve special consideration. However, certain provisions

LEGISLATIVE INTENT SERVICE   (800) 666-1917