UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MARK F. GUIMOND and**
**KALLIE A. GUIMOND, on behalf of**
themselves and others similarly situated

        Plaintiff,

v.                                              CIVIL ACTION NO. 3:12cv606-JAG

**TOYOTA MOTOR CREDIT CORPORATION**,

        Defendant.

**AMENDED CLASS ACTION COMPLAINT**

COMES NOW the Plaintiffs, **MARK F. GUIMOND and KALLIE A. GUIMOND** (hereafter the "Plaintiffs"), by counsel, and for themselves and others similarly situated, they state as follows:

**PRELIMINARY STATEMENT**

1.    This is a class action complaint prosecuted for the Defendant's violations of the Federal Equal Credit Opportunity Act (ECOA), 15 U.S.C. §1691, *et seq.* The Defendant accepts and processes consumer credit applications, services existing credit accounts, participates in adverse actions against consumers and accesses consumer credit reports. Despite this role, the Defendant does not provide consumers with notices of adverse action that comply with the ECOA. Specifically and by example, its notice withhold and do not reveal or disclose the accurate address at which consumers can request a statement of specific reasons for adverse actions, as required under the ECOA. Further, such conduct violated the Virginia Equal Credit Opportunity Act (VECOA), Virginia Code §6.2-500, *et seq*.

## JURISDICTION

2.	This complaint is filed for violations of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §1691 *et seq.* This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1691e. Further, the Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367. Venue is proper as the Defendant transacts its business in the Eastern District of Virginia, Richmond Division where it also maintains its registered office and agent.

## PARTIES

3.	The Plaintiffs to this lawsuit, **MARK F. GUIMOND and KALLIE A. GUIMOND**, are natural persons and are "consumers" and "applicants" for the purposes of the ECOA and the VECOA.

4.	The Defendant to this lawsuit, Toyota Motor Credit Corporation ("Toyota") is a "creditor" for purposes of the ECOA and the VECOA.

## FACTS

5.	Plaintiff Mark Guimond had previously sued Equifax as a result of errors on his credit report. As a result of this, Plaintiff Mark Guimond's credit report was lawfully taken offline or frozen by Equifax. As a result, Mr. Guimond's consumer report was not then available by automated means, but was nonetheless available when a manual request was made by a potential creditor (or other user).

6.	In January 2011, Plaintiffs jointly applied for credit from Defendant to finance the purchase of a motor vehicle.

7.	In January 2011, Defendant requested and received Mrs. Guimond's credit report

from both Experian and Equifax.

8.  In January of 2011, Defendant requested and received Mr. Guimond's credit report from Experian. Defendant requested Mr. Guimond's credit report from Equifax through its automated process, Defendant learned that Mr. Guimond's report was not available through automated means but was available if requested manually.

9.  On January 25, 2011, Defendant took an adverse action regarding Plaintiffs' application for credit. Defendant denied Plaintiffs' application for credit and in its denial letter stated that the basis for the denial was "access to credit report denied."

10.  Under §1691(d) of the ECOA, a creditor must:

(d)(1) Within thirty days (or such longer reasonable time as specified in regulations of the Board for any class of credit transaction) after receipt of a completed application for credit, a creditor shall notify the applicant of its action on the application. (2) Each applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor. A creditor satisfies this obligation by-- (A) providing statements of reasons in writing as a matter of course to applicants against whom adverse action is taken; or (B) giving written notification of adverse action which discloses (i) the applicant's right to a statement of reasons within thirty days after receipt by the creditor of a request made within sixty days after such notification, and (ii) the identity of the persons or office from which such statement may be obtained. Such statement may be given orally if the written notification advises the applicant of his right to have the statement of reasons confirmed in writing on written request.

11.  The ECOA was enacted in 1974 and amended in 1976 to include the adverse action notice provision of § 1691(d) "as a strong, necessary adjunct to the antidiscrimination purpose of the legislation." *Williams v. MBNA Am. Bank, N.A.*, 538 F.Supp.2d 1015, (E.D. Mich. 2008)(quoting *Fischl v. Gen'l Motors Acceptance Corp.*, 708 F.2d 143, 146 (5th Cir. 1983). There is no requirement to plead or show discrimination or discriminatory intent in order for a plaintiff to prevail on an adverse action notice claim.

12. When a creditor takes adverse action such as the denial in this case, it is required by the ECOA to send the applicant a very specific type of notice that must include certain elements that are set forth in detail in 15 C.F.R. § 202.9. The regulations implementing the ECOA and promulgated by the Federal Reserve Board are known as "Regulation B."

13. Among other things, Regulation B provides that the ECOA notice must supply the applicant with a statement of specific reasons that the Defendant took the adverse action or a disclosure that the applicant is entitled to a statement of specific reasons within in 30 days. 15 C.F.R. § 202.9(a).

14. The form of the ECOA notice and the statement of reasons must comply with 15 C.F.R. 202.9(b). The notice must include a notice similar to the following:

> (1) ECOA Notice . To satisfy the disclosure requirements . . . the creditor shall provide a notice that is substantially similar to the following: The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all of part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that agency that administers compliance with this law concerning this creditor is [name and address as specified by the appropriate agency listed in appendix A of this regulation].
> (2) Statement of specific reasons. The statement of reasons for adverse action required by paragraph (a)(2)(i) of this section must be specific and indicate the principal reasons for the adverse action. Statements that the adverse action was based on the creditor's internal standards or policies or that the applicant, joint applicant, or similar party failed to achieve a qualifying score on the creditors credit scoring system are insufficient.

15. The January 25, 2011, letter Defendant sent to Mr. and Mrs. Guimond provided:

*RE: 13280965*

*Dear Applicants:*

*Thank you for applying for credit through the dealer listed below and Toyota Motor*

4

>*Credit Corporation TMCC).*
>*ROSNER TOYOTA*
>*3507 JEFFERSON DAVIS HWY P.O. BOX 7045*
>*FREDERICKSBURG, VA 22408*
>*(540)898-7900*
>*TMCC DEALER NUMBER 45037*
>*We have carefully considered your request for credit and regret that we are unable to approve your request. Our decision to deny your request was based on the reason stated below:*
>*Access to credit report denied.*
>*Our decision was based in whole or in part on information obtained from the consumer credit reporting agency(ies) identified below.*
>*Equifax*
>*1550 Peachtree Street*
>*Atlanta*
>*GA 30374*
>*(800)685-1111*
>*(800)685-1111*

16. On its face, the ECOA adverse action notice fails to comply with 15 C.F.R. §202.9(a), it does not include the required disclosures in Regulation B such as the anti-discrimination purpose of the letter, the agency with compliance authority.

17. More importantly, the ECOA notice violates § 202.9(b) because it states obvious falsehoods that "we have carefully considered your request for credit" and that the reason to deny was because "Access to credit report denied," which is false because access to the applicants' credit reports was not denied.

18. Because the reason supplied by the Defendant in this case was a false or inadequate reason, the Defendant was obligated to comply with 15 C.F.R. § 202.9(a)(2)(ii), so that the Plaintiffs could access their rights to a statement of specific reasons why their credit application was denied.

19. In fact, *access* to Plaintiffs' credit reports was not denied. Defendant did access Plaintiffs' credit reports, and immediately received three out of four reports it requested by

automated means -- including both Experian and Equifax credit reports for Mrs. Guimond and Mr. Guimond's Experian credit report.

20. With respect to Mr. Guimond's Equifax report, when Defendant attempted to electronically access Mr. Guimond's Equifax report, it received – solely for Mr. Guimond's Equifax report – a message that it could access his report by manually contacting and telephoning Equifax. Although the Equifax report was not available by the automated means that Defendant first chose, Defendant did not attempt to access Mr. Guimond's application manually. Defendant received Mrs. Guimond's Experian and Equifax consumer reports and Mr. Guimond's Experian consumer report without event.

21. Defendant's statement of the reason(s) "access to credit report denied" for its adverse action was not only untrue because it had received both applicants' consumer reports, the statement of reasons was an inadequate explanation under the ECOA and VECOA.

22. The adverse action notice that Defendant mailed to the Plaintiffs was confusing because the Defendant had indeed accessed both Plaintiffs' credit reports. In fact, access to Mr. Guimond's credit report was not denied, only the means by which Defendant attempted to access the report was frozen. The letter therefore failed to lawfully and truthfully inform the Plaintiffs of the basis or statement of the specific reason(s) for the Defendant's adverse action.

23. Because the adverse action notice sent by Defendant failed to contain a legally adequate statement, the notice is supposed to contain an address from which an applicant can request a statement of reasons. In this case, the notice contained no such information.

24. Even though Defendant was unable to access Mr. Guimond's credit report from one of the "Big Three" consumer reporting agencies by only one means – automated means – it

is untrue that access to Mr. Guimond's Equifax report was denied because Defendant did not attempt to obtain Mr. Guimond's Equifax credit report by other well-established means.

25. Upon information and belief, Defendant has provided the same inaccurate and insufficient adverse action notice to numerous consumers whose consumer credit file was under a security freeze.

26. Upon information and belief, Defendant has no procedures in place to avoid the violations of the ECOA as alleged in this complaint.

27. Upon information and belief, if a credit applicant has a lawful security freeze in place and Defendant only attempts to access their credit report electronically, Defendant automatically generates a denial letter to the credit applicant stating "access to credit report denied" regardless of whether Defendant has in fact received the applicant's or co-applicant's credit report.

## CLASS ALLEGATIONS

28. This action is brought as a class action pursuant to Fed. R. Civ. P. 23(b)(2) on behalf of the following national class of individuals ("ECOA Class"):

> (a.) All natural persons who have applied for credit with **TOYOTA MOTOR CREDIT CORPORATION** within the preceding two years; (b.) to whom **TOYOTA MOTOR CREDIT CORPORATION** did provide an ECOA adverse action notice; (c.) that stated as its basis for such decision: "access to credit report denied."

29. This action is also brought as a class action pursuant to Fed. R. Civ. P. 23(b)(3) on behalf of the following Virginia class of individuals ("VECOA Class"):

> (a.) All natural persons who have applied for credit with **TOYOTA MOTOR CREDIT CORPORATION** within the preceding two years; (b.) at the time they resided in the Commonwealth of Virginia (c.) to whom **TOYOTA MOTOR CREDIT CORPORATION** did provide an ECOA adverse action notice; (d.)

7

that stated as its basis for such decision: "access to credit report denied."

30. Upon information and belief, the Plaintiffs allege that the class of persons to be represented is so numerous that joinder of all members is impractical.

31. There are questions of law and fact common to the class and Plaintiffs' claims are typical of the claims of all the potential class members. All are based on the same legal and remedial theories and the exact same denial letters. All are based on the simple class questions of whether Defendant's statement of reasons for denial was legally complete and accurate.

32. Plaintiffs will fairly and adequately protect the interest of the class. Plaintiffs have retained counsel who is experienced in handling class actions and litigation under the Federal Consumer Credit Protection Act. They are committed to the class and have no conflict with it.

33. A class action is superior to other available methods for the fair and efficient adjudication of the controversy as to the VECOA class. There are no individual issues that would burden or impede litigation in the aggregate. Class resolution will provide a uniform decision on the legality of the Defendant's standard process. Further, absent class representation, it is certain that most class members will be unaware of their rights or be able to obtain adequate legal representation to prosecute those rights.

34. Defendant has acted or refused to act on grounds that apply generally to the ECOA class such that uniform injunctive and/or declaratory relief is appropriate.

## COUNT I – Equal Credit Opportunity Act

35. Defendant violated the ECOA as to the Plaintiffs and the putative ECOA class 15 U.S.C. § 1691(d) by failing to provide a notice containing an understandable, complete and

accurate statement of specific reasons for taking adverse action.

36. The Plaintiffs and the putative ECOA class are entitled to injunctive relief requiring the Defendant's compliance with the ECOA and its delivery to each class member of lawfully compliant adverse action notices.

37. The Plaintiffs and the putative ECOA class are entitled to a declaration that Defendant has violated the ECOA as to each class member so that each class member, if he or she so chooses, may thereafter pursue their claim for damages.

## COUNT II – Virginia Equal Credit Opportunity Act

38. Defendant also violated the Virginia Code §6.2-503 as to the Plaintiffs and the putative VECOA class as to the Plaintiffs and putative class members by failing to provide notice containing an understandable, complete and accurate statement of specific reasons for such adverse action.

39. The Defendant is liable to the Plaintiffs and the putative VECOA class for damages of $10,000.00 per violation of the VECOA, plus attorneys' fees and costs pursuant to Virginia Code §6.2-505.

WHEREFORE, your Plaintiffs move for judgment for themselves and on behalf of the defined classes against the Defendant for damages, attorneys' fees and costs, injunctive and declaratory relief, and such other specific or general relief the Court does find just and appropriate.

    **TRIAL BY JURY IS DEMANDED**

                                              Respectfully submitted,

                                              **MARK F. GUIMOND**
                                              **KALLIE A. GUIMOND**

                                              By _____/s/_____
                                                          Of Counsel

Leonard A. Bennett
VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd. Suite 1-A
Newport News, Virginia 23601
(757) 930-3660
(757) 930-3662 facsimile
lenbennett@clalegal.com

Susan M. Rotkis
VSB #40693
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd. Suite 1-A
Newport News, Virginia 23601
(757) 930-3660
(757) 930-3662 facsimile
srotkis@clalegal.com

Thomas R. Breeden
VSB # 33410
THOMAS R. BREEDEN, PC
10326 Lomond Drive
Manassas, Virginia 20109
(703) 361-9277
(703) 257-2259 facsimile
trb@tbreedenlaw.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I certify that on December 5, 2012, I electronically filed a true and correct copy of the foregoing Amended Class Complaint with the Court using the CM/ECF system, which will cause the following CM/ECF participants to be served with the foregoing documents:

Ryan Jennifer Rosner
Christopher Loveland
SHEPPARD MULLIN RICHTER &
 HAMPTON LLP
1300 I Street, N.W., 11th Floor East
Washington, D.C. 20005-3314


*Counsel for Defendant*
*Toyota Motor Credit Corporation*


                                                 ___/s/_____
                                                 Susan Mary Rotkis VSB 40693