# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

|  |  |
|---|---|
| **MARK F. GUIMOND and KALLIE A. GUIMOND, on behalf of themselves and others similarly situated,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**TOYOTA MOTOR CREDIT CORPORATION,**<br><br>**Defendant.** | **C.A. No. 3:12-cv-00606-JAG** |

## DEFENDANT TOYOTA MOTOR CREDIT CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

OF COUNSEL:

Christopher Loveland, admitted *pro hac vice*
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
1300 I Street, N.W., 11th Floor East
Washington, D.C. 20005-3314
Telephone (202) 469-4939
Facsimile (202) 218-0020
cloveland@sheppardmullin.com

Anna S. McLean, admitted *pro hac vice*
Lai L. Yip, admitted *pro hac vice*
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone (415) 434-9100
Facsimile (415) 434-3947
amclean@sheppardmullin.com
lyip@sheppardmullin.com

Ryan Jennifer Rosner, VSB No. 82586
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
1300 I Street, N.W., 11th Floor East
Washington, D.C. 20005-3314
Tel. (202) 469-4939
Fax (202) 218-0020
rrosner@sheppardmullin.com

*Counsel for Defendant*
*Toyota Motor Credit Corporation*

Dated: December 19, 2012

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION AND BACKGROUND .................................................................1

II.    BACKGROUND ...................................................................................................3

III.   LEGAL STANDARD.............................................................................................5

IV.   ARGUMENT .........................................................................................................5

      A.      TMCC's Notice Lawfully and Accurately Stated "Access to Credit Report Denied" as the Reason for Denying Plaintiffs' Credit Application ......................5

            1.      Plaintiffs concede access to Mr. Guimond's credit report was denied. ...............................................................................................7

            2.      TMCC stated the principal and actual reason for the denial......................8

            3.      Stating the reason "access to credit report denied" satisfies the purposes of the ECOA's notification requirement.......................................9

            4.      An address for requesting a statement of reasons was not required, because the statement of reasons in the notice was adequate. ...................10

      B.      TMCC Included the ECOA Antidiscrimination Purpose Statement in the Notice....................................................................................................11

      C.      TMCC Complied With the VECOA.................................................................13

            1.      TMCC's notice complies with the VECOA, which mirrors the ECOA....................................................................................................13

            2.      Compliance with the ECOA constitutes compliance with the VECOA, and the notice complies with the ECOA. ...................................14

V.     CONCLUSION...................................................................................................14

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

<u>Federal Cases</u>

*Andrew v. Clark*
    561 F.3d 261 (4th Cir. 2009) ................................................................5

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544 (2007) ...........................................................................5

*Capitol Indem. Corp. v. Aulakh*
    313 F. 3d 200 (4th Cir. 2002) ..............................................................14

*Davis v. George Mason Univ.*
    395 F. Supp. 2d 331 (E.D. Va. 2005) ....................................................12

*Edwards v. City of Goldsboro*
    178 F.3d 231 (4th Cir. 1999) ...............................................................5

*Harbeck v. Smith*
    814 F. Supp. 2d 608 (E.D. Va. 2011) ....................................................5

*Lewis v. ACB Bus. Servs., Inc.*
    135 F.3d 389 (6 th Cir. 1998) ..............................................................7

*Martin v. Q&A Enters., Inc.*
    No. 3:11CV654–HEH, 2012 WL 380065 (E.D. Va. Feb. 6, 2012) ...............9

*Monroe v. City of Charlottesville, Va.*
    579 F.3d 380 (4th Cir. 2009) ...............................................................5

*Wright v. SunTrust Bank*
    No. 1:08cv568 (JCC), 2008 WL 3106884 (E.D. Va. Aug. 4, 2008) .............7

<u>Federal: Statutes, Rules, Regulations</u>

15 U.S.C.
    § 1691(d)(2) ..................................................................................6
    § 1691(d)(2)(A) .............................................................................10
    § 1691(d)(2)(B) .............................................................................10
    § 1691(d)(3) ..................................................................................8

Code of Federal Regulations, Equal Credit Opportunity Act (Regulation B)
    Title 12, pt. 202 .................................................................................................7
    § 202.1(b) ...........................................................................................................7
    § 202.2(f) ............................................................................................................8
    § 202.9(a)(2) .........................................................................................6, 10, 11
    § 202.9(b)(2) ...............................................................................................8, 10
    § 202.9(a)(2)(i) .................................................................................................10
    § 202.9(a)(2)(ii) ................................................................................................10
    § 202.9(b)(1) ...............................................................................................11, 13

    Federal Rules of Civil Procedure, Rule 12(b)(6) ........................................1, 2, 5

State: Statutes, Rules, Regulations, Constitutional Provisions

Virginia Code
    Equal Credit Opportunities Act
    § 6.2-503 ................................................................................................. passim
    § 6.2-508 ...........................................................................................................14
    § 6.2-503(A)(1) .................................................................................................13
    § 6.2-503(A)(2) .................................................................................................13
    § 6.2-503(B) ......................................................................................................13
    Equal Credit Opportunity Act
    § 59.1-444.2(A) ..................................................................................................3
    § 59.1-444.2(H) ..................................................................................................4

Other Authorities

Bd. of Governors of the Fed. Reserve System, *Credit Reports and Credit Scores*
    http://www.federalreserve.gov/creditreports/ (last visited Dec. 19, 2012) ...............................8

Consumer Financial Protection Bureau, *What Is a "Security Freeze"on My Credit*
    *Report?*
    http://www.consumerfinance.gov/askcfpb/1341/what-security-freeze-my-credit-
    report.html (last visited Dec. 19, 2012) ...............................................................3, 4

Equifax, *Credit Security Freeze*
    http://www.equifax.com/answers/help/security-freeze/en_cp
    (last visited Dec. 19, 2012) .................................................................................10

Official Staff Interpretations, Equal Credit Opportunity Act (Regulation B)
    pt. 202, Supp. I, § 202.9, para. 9(a)(1), cmt. 4.......................................................4
    pt. 202, Supp. I, § 202.9, para. 9(b)(2), cmt. 4.......................................................8

## I.      INTRODUCTION AND BACKGROUND

Toyota Motor Credit Corporation ("TMCC") declined to extend credit to plaintiffs Mark F. and Kallie A. Guimond ("Mr. Guimond," "Mrs. Guimond," or collectively, "the Guimonds") after Mr. Guimond allegedly "froze" his Equifax credit report as a result of litigation he brought against Equifax.  TMCC allegedly notified the Guimonds that the reason for its denial of credit was "access to credit report denied."  Amended Class Action Complaint ("FAC") ¶¶ 5-6, 9. After initially filing suit against TMCC principally on a theory of unlawful discrimination, the Guimonds have now dropped that claim and merely complain about the language of the declination letter.  The Guimonds allege that "access to credit report denied" was an inaccurate and insufficient statement of reasons for the adverse action, purportedly in violation of the Equal Credit Opportunity Act ("ECOA") and Virginia's Equal Credit Opportunities statute ("VECOA"), because TMCC purportedly could have accessed Mr. Guimond's Equifax credit report by other means after being denied access electronically, *id.* ¶¶ 8, 20, 24, and allegedly received credit information from other sources, *id.* ¶¶ 7-8, 19-21.  They claim TMCC was required to provide an address from which plaintiffs could request a further statement of reasons for the denial.  *Id.* ¶¶ 1, 23.  Finally, they allege TMCC failed to include a boilerplate statement of the ECOA's antidiscrimination purpose.  *Id.* ¶¶ 14-16.  Plaintiffs purport to represent nationwide and Virginia classes of similarly situated persons, *id.* ¶¶ 28-29, but none of their claims state a plausible claim for relief.  The FAC, therefore, should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").

*First*, plaintiffs' claim under the ECOA, 15 U.S.C. § 1691(d), should be dismissed because TMCC's denial of credit on the basis "access to credit report denied" complies with the statute.  The statement "access to credit report denied" provides the *principal* and *actual* reason for the adverse action, as required by the ECOA, and plaintiffs do not allege otherwise.  Instead,

they purport to make a distinction between "automated" and "manual" access to a credit report that appears nowhere in the ECOA.  FAC ¶¶5, 17.  Plaintiffs' concession that "Mark Guimond's credit report was lawfully taken offline or frozen by Equifax" is dispositive:  access was denied. FAC ¶5.

*Second*, providing the reason "access to credit report denied" satisfies the *purposes* of the ECOA's notice requirement—to discourage discriminatory practices by requiring disclosure of the reasons for adverse credit actions; to allow applicants to learn how their credit status is deficient; and to provide applicants with a chance to correct any misinformation provided to the creditor.  Plaintiffs do not allege any problems relating to these fundamental goals.

*Third*, because TMCC provided an adequate statement of reasons in the notice, *i.e.*, "access to credit report denied," it did not need to provide an address at which the Guimonds could request a statement of reasons for the adverse action.

*Fourth*, plaintiffs' new allegation that TMCC failed to include a statement of antidiscrimination purpose pursuant to the ECOA is simply wrong.  TMCC **did** include such a statement.  To support their assertion, plaintiffs provide only an excerpt from the first page of the notice.  Because plaintiffs have incorporated the notice by reference, it is proper for the Court to consider the complete text of the notice on a Rule 12(b)(6) motion to dismiss.

*Finally*, plaintiffs' claim for violation of the VECOA, Virginia Code § 6.2-503, should also be dismissed.  The adverse action notice satisfies that statute, which mirrors the ECOA, 15 U.S.C. § 1691(d).  The VECOA also provides that compliance with the ECOA constitutes compliance with the VECOA, and TMCC complied with the ECOA.

Thus, each count in plaintiffs' FAC fails to state a claim upon which relief can be granted and should be dismissed. Because plaintiffs have already amended once, and the defects in the FAC cannot be cured by further amendment, dismissal should be granted with prejudice.

## II.   BACKGROUND

Plaintiffs allege that, in January of 2011, they jointly applied for credit from TMCC to finance the purchase of a vehicle. FAC ¶ 6. Earlier, after litigation against Equifax, Mr. Guimond's credit report was "lawfully taken offline or frozen" by Equifax. *Id.* ¶ 5. Plaintiffs allege that on or about January 25, 2011, TMCC sent them an adverse action notice denying their credit application. *Id.* ¶¶ 9, 15. The notice disclosed the reason for denial as "access to credit report denied." *Id.* According to plaintiffs, "access to credit report denied" was a false and inadequate statement of reasons for the adverse action, in violation of 15 U.S.C. § 1691(d) and Virginia Code § 6.2-503. *Id.* ¶ 18.

Neither the ECOA nor the VECOA includes provisions allowing consumers to "freeze" their credit reports. Many states, however, do have such laws. *See* Consumer Financial Protection Bureau, *What Is a "Security Freeze" on My Credit Report?*, July 5, 2012, http://www.consumerfinance.gov/askcfpb/1341/what-security-freeze-my-credit-report.html (last visited Dec. 19, 2012) ("Most states have laws that govern the procedures and requirements for security freezes.") (hereinafter "CFPB Security Freeze"). Virginia, in fact, has such a statute. *See* Va. Code § 59.1-444.2(A) ("consumer may request that a security freeze be placed on his or her credit report by sending a request in writing").

There may be consequences, however, for invoking that right, as Virginia law also confirms. "If a third party requests access to a consumer credit report on which a security freeze is in effect, and this request is in connection with an application for credit or any other use, and the consumer does not allow his or her credit report to be accessed for that period of time, *the*

*third party may treat the application as incomplete.*"  *Id.* § 59.1-444.2(H) (emphasis added).

Indeed, the federal Consumer Financial Protection Bureau warns that, while a consumer may

choose to restrict access to his or her credit report by freezing it, "[c]reditors typically *won't offer*

*you credit* if they can't access your credit reporting file, so a freeze prevents you or others from

opening accounts in your name."  CFPB Security Freeze (emphasis added).  The Federal Reserve

Board likewise acknowledges that, where the "application is missing information but provides

sufficient data for a credit decision," the creditor may deny the application.  Official Staff

Interpretations, 12 C.F.R. pt. 202, Supp. I, § 202.9, para. 9(a)(1), cmt. 4.

When a creditor decides not to extend credit on an application—because it is denied

access to a credit report due to a credit freeze, for example—the ECOA and VECOA require the

creditor to provide notice to the applicant that includes either the "specific reasons for the

adverse action taken" or "the identity of the person or office from which such statement may be

obtained."  15 U.S.C. § 1691(d); Va. Code § 6.2-503.  Here, having been denied access to Mr.

Guimond's Equifax credit report due to the freeze he placed on it, TMCC provided notice to

plaintiffs of the "specific reasons for the adverse action taken": "access to credit report denied."

Plaintiffs assert two counts against TMCC for purportedly failing to provide an adequate

notice: (1) violation of the ECOA, 15 U.S.C. § 1691(d), for which they seek declaratory and

injunctive relief; and (2) violation of the VECOA, Virginia Code § 6.2-503, for which they seek

statutory damages, attorneys' fees and costs.  *Id.* ¶¶ 35-39.  They seek to represent a putative

nationwide class of all persons who applied for credit from TMCC in the preceding two years, to

whom TMCC provided an adverse action notice subject to the ECOA where the stated basis for

the adverse action was "access to credit report denied."  *Id.* ¶ 28.  Plaintiffs also seek to represent

a putative class of all such persons who resided in Virginia at the time they applied for credit from TMCC.  *Id.* ¶ 29.

## III.   LEGAL STANDARD

FRCP Rule 12(b)(6) authorizes a party to seek dismissal of an action for failure to state a claim upon which relief can be granted.  In evaluating a motion to dismiss, the Court generally will confine its review to the four corners of the complaint, and it must accept as true the plaintiff's factual allegations and draw all reasonable inferences in plaintiff's favor.  *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).  However, the court also must "determine whether it is plausible that the complaint's factual allegations are 'enough to raise a right to relief above the speculative level[.]'"  *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"In *Twombly*, the Supreme Court upheld a Rule 12(b)(6) dismissal because the complaint did not allege sufficient facts showing a claim was plausible rather than merely conceivable." *Monroe v. City of Charlottesville, Va.*, 579 F.3d 380, 386 (4th Cir. 2009).  The "court 'need not accept the legal conclusions drawn from the facts, and [ ] need not accept as true unwarranted inferences, unreasonable conclusions, or arguments.'"  *Monroe*, 579 F.3d at 385-86 (citation omitted); *accord, Harbeck v. Smith*, 814 F. Supp. 2d 608, 616 (E.D. Va. 2011).  Like their original Complaint, plaintiffs' FAC fails to meet this standard.

## IV.   ARGUMENT

### A.   TMCC's Notice Lawfully and Accurately Stated "Access to Credit Report Denied" as the Reason for Denying Plaintiffs' Credit Application

Plaintiffs allege that although TMCC could not access Mr. Guimond's Equifax credit report by automated electronic means, TMCC could access the credit report by "manually contacting or telephoning Equifax."  FAC ¶ 20.  TMCC also purportedly requested and received

Mr. Guimond's Experian credit report and Mrs. Guimond's Experian and Equifax credit reports. *Id.* Therefore, according to plaintiffs, stating "access to credit report denied" in the notice as the reason for the adverse action was untrue and inadequate, in violation of 15 U.S.C. § 1691(d)(2)(A). *Id.* ¶¶ 10, 21-22.   They also allege that because the notice did not include an adequate statement of reasons, TMCC was required pursuant to 15 U.S.C. § 1691(d)(2)(B)(ii) to include an address at which the Guimonds could request a statement of reasons for the adverse action.   *Id.* ¶¶ 10, 23.  Plaintiffs are wrong.

Title 15 U.S.C. § 1691(d) provides in relevant part:

> (2) Each applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor. A creditor satisfies this obligation by—
>
> > (A) providing statements of reasons in writing as a matter of course to applicants against whom adverse action is taken; or
> >
> > (B) giving written notification of adverse action which discloses
> >
> > > (i) the applicant's right to a statement of reasons within thirty days after receipt by the creditor of a request made within sixty days after such notification, and
> > >
> > > (ii) the identity of the person or office from which such statement may be obtained.

Similarly, 12 C.F.R. 202.9(a)(2) requires that an adverse action notice include:

> (i) A statement of specific reasons for the action taken; or
>
> (ii) A disclosure of the applicant's right to a statement of specific reasons within 30 days, if the statement is requested within 60 days of the creditor's notification.  The disclosure shall include the name, address, and telephone number of the person or office from which the statement of reasons can be obtained.

Here, TMCC complied with the ECOA because "access to credit report denied" accurately and sufficiently describes the reason for the denial: Mr. Guimond's Equifax credit report was admittedly "taken offline or frozen"; denial of such access was the principal and actual reason for the adverse action; and providing the reason "access to credit report denied" satisfies the purposes of the ECOA's notice requirement. Furthermore, because TMCC provided an adequate statement of reasons in the notice, it did not need to provide an address at which the Guimonds could request a statement of reasons for the adverse action.

  **1.**  **Plaintiffs concede access to Mr. Guimond's credit report was denied.**

  The purpose of the ECOA is to "promote the availability of credit to all creditworthy applicants," 12 C.F.R. § 202.1(b), and "prohibit credit determinations based on 'characteristics unrelated to creditworthiness,'" *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 406 (6th Cir. 1998) (quoting ECOA Amendments of 1976, Pub. L. No. 94-239, 1976 U.S.C.C.A.N. 403, 404-05 ("ECOA Amendments")).[1] While the ECOA was intended to protect applicants from being discriminated against by creditors on the basis of their membership in a particular group—*e.g.*, on the basis of sex, marital status, age, race, or religion—"[i]t was never intended to eliminate a 'creditor's right to make a rational decision about an applicant's credit worthiness.'" *Id.* (quoting ECOA Amendments); *see also Wright v. SunTrust Bank*, No. 1:08cv568 (JCC), 2008 WL 3106884, at *3 (E.D. Va. Aug. 4, 2008) (granting motion to dismiss where plaintiff failed to allege creditor's denial of credit application was "'based on factors other than Plaintiff's creditworthiness'") (citation omitted).

---

[1]  The Code of Federal Regulations, Title 12, Part 202 ("Equal Credit Opportunity Act (Regulation B)") was promulgated by the Board of Governors of the Federal Reserve System to implement the ECOA.

Plaintiffs concede TMCC was denied access to Mr. Guimond's credit report because of a security freeze, which *is* relevant to a "rational decision" about plaintiffs' creditworthiness. A "*complete*[ ]" application is defined as one in which:

> a creditor has received *all* the information that the creditor regularly obtains and considers in evaluating applications for the amount and type of credit requested (*including, but not limited to, credit reports*, any additional information requested from the applicant, and any approvals or reports by governmental agencies or other persons that are necessary to guarantee, insure, or provide security for the credit or collateral).

12 C.F.R. § 202.2(f) (second emphasis added). Even if, as plaintiffs allege, TMCC received Mr. Guimond's Experian credit report, "the information in one credit bureau's report may not be the same as the information in another credit bureau's report," as "[e]ach credit bureau gets its information from different sources." Bd. of Governors of the Fed. Reserve System, *Credit Reports and Credit Scores*, http://www.federalreserve.gov/creditreports/ (last visited Dec. 19, 2012). The ECOA neither limits a creditor's ability to deny credit on that basis, as plaintiffs suggest, nor distinguishes between "manual" and "electronic" access. TMCC was entitled to deny credit if the Equifax report was not provided, period, and nothing in the ECOA suggests otherwise. "Access to credit report denied" ("credit report" being singular) was true.

## 2.    TMCC stated the principal and actual reason for the denial.

The adverse action notice also contained sufficient detail. TMCC was not required to state anything more than "access to credit report denied." Title 15 U.S.C. § 1691(d)(3) provides that the statement of reasons is sufficient "if it contains the specific reasons for the adverse action taken." This means the notice is required to "indicate the ***principal*** reasons for the adverse action" (12 C.F.R. 202.9(b)(2) (emphasis added)) and the "***actual*** reasons for denial" (Official Staff Interpretations, 12 C.F.R. pt. 202, Supp. I, § 202.9, para. 9(b)(2), cmt. 4 (emphasis added)).

*See Martin v. Q&A Enters., Inc.*, No. 3:11CV654–HEH, 2012 WL 380065, at *4 (E.D. Va. Feb. 6, 2012) ("notification need not be extensive").

Plaintiffs never allege that "access to credit report denied" was not the principal or actual reason for the adverse action; nor do they contend that it was not the deficiency that *caused* TMCC to deny their application.  TMCC is not required to disclose what other information it might have received or been able to access by alternate means, only that which caused it to deny the application for credit—which it did in full compliance with the statute.

> **3.      Stating the reason "access to credit report denied" satisfies the purposes of the ECOA's notification requirement.**

As this Court has earlier determined, the ECOA's notification requirement has three purposes:

> First, Congress intended for it to serve as "a strong and necessary adjunct to the antidiscrimination purpose" of the statute, "for only if creditors know they must explain their decisions will they effectively be discouraged from discriminatory practices." In addition, the explanation required under the Act provides applicants with a "valuable educational benefit," because it allows them "to learn where and how their credit status is deficient." And in instances where a creditor's actions may have been premised on misinformation, "the statement of reasons gives the applicant a chance to rectify the mistake."

*Martin*, 2012 WL 380065, at *4 n.2 (citations omitted).  TMCC's notice stating "access to credit report denied" as the reason for the adverse action satisfies all three purposes.   By having to provide a non-discriminatory reason for denying plaintiffs' credit application—*i.e.*, "access to credit report denied"—TMCC is discouraged from potentially discriminatory practices. Plaintiffs received the "valuable educational benefit" of learning that denying a potential creditor

access to a credit report was a deficiency that could lead to the denial of credit.  And it gave

plaintiffs a chance to "rectify the mistake" of denying access if they wanted to apply for credit.[2]

### 4. An address for requesting a statement of reasons was not required, because the statement of reasons in the notice was adequate.

Plaintiffs allege that because TMCC did not provide a "legally adequate" statement of

reasons for denial in the notice, it was required to provide an address from which they could

request such a statement of reasons.  FAC ¶ 23.  Title 15 U.S.C. § 1691(d)(2) requires a creditor

to "(A) provid[e] statements of reasons in writing as a matter of course to applicants against

whom adverse action is taken; or (B) giv[e] written notification of adverse action which discloses

[among other things] the identity of the person or office from which such statement may be

obtained."  *See also* 12 C.F.R. § 202.9(a)(2) (notice shall contain either "(i) A statement of

specific reasons for the action taken; or (ii) A disclosure of the applicant's right to a statement of

specific reasons").

But the statement of reasons provided in the notice was "legally adequate" because it was

true and sufficiently detailed, provided the principal and actual reason for denial, and satisfied

the purposes of the ECOA.  *See* Sections IV.A.1-3, *supra*.  TMCC, having complied with the

requirement to provide a statement of reasons pursuant to 15 U.S.C. § 1691(d)(2)(A) and 12

C.F.R. § 202.9(a)(2)(i), was therefore not obligated also to provide an address at which the

Guimonds could request a statement of reasons pursuant to 15 U.S.C. § 1691(d)(2)(B) and 12

C.F.R. § 202.9(a)(2)(ii).

---

[2]     Upon learning that the adverse action was due to "access to credit report denied," Mr. Guimond could have, for example, requested that Equifax temporarily lift the security freeze. *See* Equifax, *Credit Security Freeze* ("security freeze is designed to prevent the information in your Equifax credit file from being reported to others, such as credit grantors and other companies, except those exempted by law or those for whom you contacted us and requested that we temporarily lift the security freeze"), http://www.equifax.com/answers/help/security-freeze/en_cp (last visited Dec. 19, 2012) (last visited Dec. 19, 2012).

### B. TMCC Included the ECOA Antidiscrimination Purpose Statement in the Notice

Plaintiffs allege—for the first time in their FAC—that the notice violated the ECOA because it did not include the antidiscrimination purpose statement required by 12 C.F.R. §§ 202.9(a)(2) and (b)(1). Title 12 C.F.R. § 202.9(a)(2) requires that the notice include a "statement of the provisions of § 701(a) of the [ECOA]." Meanwhile, 12 C.F.R. § 202.9(b)(1) clarifies that to "satisfy the disclosure requirements of paragraph (a)(2) of this section regarding section 701(a) of the Act," the notice must include language "substantially similar" to the following:

> The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is [name and address as specified by the appropriate agency listed in appendix A of this regulation].

Plaintiffs, however, allege that the notice they received contained only the following language:

> *RE: 13280965*
>
> *Dear Applicants:*
>
> *Thank you for applying for credit through the dealer listed below and Toyota Motor Credit Corporation [(]TMCC).*
> *ROSNER TOYOTA*
> *3507 JEFFERSON DAVIS HWY P.O. BOX 7045*
> *FREDERICKSBURG, VA 22408*
> *(540)898-7900*
> *TMCC DEALER NUMBER[:] 45037*
> *We have carefully considered your request for credit and regret that we are unable to approve your request. Our decision to deny your request was based on the reason stated below:*
> *Access to credit report denied.*
> *Our decision was based in whole or in part on information obtained from the consumer credit reporting agency(ies) identified below.*
> *Equifax*

> *1550 Peachtree Street*
> *Atlanta*
> *GA 30374*
> *(800)685-1111*
> *(800)685-1111*

FAC ¶ 15.

But plaintiffs quote only the ***first*** page of the notice.  The ***second*** page (printed on the reverse side) of the notice includes the following statement:

> NOTICE TO ALL APPLICANTS
>
> The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is the Federal Trade Commission, Equal Credit Opportunity, Washington, D.C. 20580.

Adverse Action Notice Template, attached as Exhibit 1 to Declaration of Gloria Ham ("Ham Decl.").[3]  This language is essentially identical to the model language provided in 12 C.F.R. § 202.9(b)(1).  The notice TMCC sent included the antidiscrimination purpose statement, and was thus in full compliance with the ECOA.

---

[3]     As plaintiffs refer to and incorporate language from the notice, TMCC may properly attach the complete notice. "Any documents referenced in the complaint can properly be attached to Defendant's Motion to Dismiss." *Davis v. George Mason Univ.*, 395 F. Supp. 2d 331, 335 (E.D. Va. 2005) ("In the Eastern District of Virginia, 'when a plaintiff fails to introduce a pertinent document as part of his complaint, the defendant may attach the document to a motion to dismiss the complaint and the Court may consider the same without converting the motion to one for summary judgment.'") (citation omitted).  TMCC attaches a template because it does not in the normal course of business retain copies of actual adverse action notices sent to applicants. *See* Ham Decl. ¶ 3.  The first page of the notice, as produced by plaintiffs, is attached as Exhibit 2 to the Ham Declaration.

### C.      TMCC Complied With the VECOA

Next, plaintiffs allege TMCC violated the VECOA, Virginia Code § 6.2-503 by "failing to provide notice containing an understandable, complete and accurate statement of reasons for such adverse action" and by failing to "disclose the accurate address at which consumers can request a statement of reasons for adverse actions."  FAC ¶¶ 38, 1.  Plaintiffs are wrong.  The adverse action notice complies with the VECOA and, moreover, the notice is compliant with the ECOA, which constitutes compliance with the VECOA.

### 1.      TMCC's notice complies with the VECOA, which mirrors the ECOA.

The VECOA, Virginia Code § 6.2-503, mirrors the ECOA, 15 U.S.C. § 1691(d), providing in relevant part:

> A. Each applicant against whom adverse action is taken shall be entitled to a statement of reasons for the action on the application from the creditor. A creditor shall satisfy this obligation by:
>
> > 1. Providing statement of reasons in writing as a matter of course to applicants against whom adverse action is taken; or
> >
> > 2. Giving written notification of adverse action that discloses (i) the applicant's right to a statement of reasons within 30 days after receipt by the creditor of a request made within 60 days after such notification and (ii) the identity of the person or office from which such statement may be obtained. The statement may be given orally if the written notification advises the applicant of his right to have the statement of reasons confirmed in writing on written request.
>
> B. A statement of reasons meets the requirements of this section only if it contains the specific reasons for the adverse action taken.

TMCC provided plaintiffs written notice containing a statement of reasons for the denial of their credit application, pursuant to Virginia Code § 6.2-503(A)(1), and therefore was not required to provide an address from which they could request the same thing, pursuant to Virginia Code §

6.2-503(A)(2).  The notice contained the "specific reasons for the adverse action taken," *i.e.*, "access to credit report denied," pursuant to Virginia Code § 6.2-503(B).  Plaintiffs do not allege that denial of access to their credit report was *not* the specific reason for the adverse action.

>    **2.    Compliance with the ECOA constitutes compliance with the VECOA, and the notice complies with the ECOA.**

The VECOA, Virginia Code § 6.2-508, provides, "[c]ompliance with the federal Equal Credit Opportunity Act, (15 U.S.C. § 1691 et seq.), as amended, and regulations issued by the Federal Reserve Board thereunder, ***constitutes compliance with this chapter***" (emphasis added).  *See generally Capitol Indem. Corp. v. Aulakh*, 313 F. 3d 200, 201 (4th Cir. 2002) (referring to VECOA as "analogue" of ECOA).  As demonstrated above, TMCC's notice complies with the ECOA and therefore also complies with the VECOA.

## V.    CONCLUSION

For the reasons set forth above, defendant TMCC respectfully requests that the Court dismiss the FAC in its entirety, with prejudice and without leave to amend.

> Respectfully submitted:
>
> ___/s/ *Ryan Jennifer Rosner*___
> Ryan Jennifer Rosner, VSB No. 82586
> SHEPPARD MULLIN RICHTER &
> HAMPTON LLP
> 1300 I Street, N.W., 11th Floor East
> Washington, D.C. 20005-3314
> Tel. (202) 469-4939
> Fax (202) 218-0020
> rrosner@sheppardmullin.com
>
> *Counsel for Defendant*
> *Toyota Motor Credit Corporation*

Dated: December 19, 2012

OF COUNSEL:

Christopher Loveland, admitted *pro hac vice*
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
1300 I Street, N.W., 11th Floor East
Washington, D.C. 20005-3314
Telephone (202) 469-4939
Facsimile (202) 218-0020
cloveland@sheppardmullin.com

Anna S. McLean, admitted *pro hac vice*
Lai L. Yip, admitted *pro hac vice*
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone (415) 434-9100
Facsimile (415) 434-3947
amclean@sheppardmullin.com
lyip@sheppardmullin.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of December, 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Leonard Anthony Bennett
Consumer Litigation Associates
763 J Clyde Morris Boulevard
Suite 1 A
Newport News, VA 23601
Phone: 757-930-3660
Fax: 757-930-3662
Email: lenbennett@cox.net

Thomas Ray Breeden
Thomas R. Breeden PC
10326 Lomond Drive
Manassas, VA 20109
Phone: 703-361-9277
Fax: 703-257-2259
Email: trb@tbreedenlaw.com

Susan Mary Rotkis
Consumer Litigation Associates
763 J Clyde Morris Boulevard
Suite 1 A
Newport News, VA 23601
Phone: 757-930-3660
Fax: 757-930-3662
Email: srotkis@clalegal.com

*Counsel for Plaintiffs*
*Mark F. Guimond and Kallie A. Guimond*

Respectfully submitted:

     */s/ Ryan Jennifer Rosner*
Ryan Jennifer Rosner, VSB No. 82586
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
1300 I Street, N.W., 11th Floor East
Washington, D.C. 20005-3314
Tel. (202) 469-4939

Fax (202) 218-0020
rrosner@sheppardmullin.com

*Counsel for Defendant*
*Toyota Motor Credit Corporation*

Dated: December 19, 2012