# EXHIBIT 4
## to Memo iso Motion to Compel Production

**EXHIBIT 4**
to Memo iso Motion to Compel Production

**Ryan Rosner**

---

| | |
|---|---|
| From: | Leonard Bennett <lenbennett@clalegal.com> |
| Sent: | Friday, January 04, 2013 9:22 PM |
| To: | Christopher Loveland |
| Cc: | Anna McLean; Lai Yip; Ryan Rosner; trb@tbreedenlaw.com Breeden |
| Subject: | Re: Guimond v. TMCC |

settlement agreement and drafts if any.

On Jan 4, 2013, at 9:06 PM, Christopher Loveland wrote:

Len,

This is the first time in weeks of communications that you have taken the position that no communications exist. You only need to scroll down to your email from yesterday where you state:

> You are asking for communications between Eqx and the Plaintiff regarding their settlement negotiations.
>
> These will not be admissible

This certainly has not been your position "throughout." Unless you are willing to produce the documents we have requested, we will proceed with our motion. As we have noted before, we certainly are happy to designate the Equifax documents as confidential pursuant to the parties' protective order.

On Jan 4, 2013, at 8:57 PM, "Leonard Bennett" <lenbennett@clalegal.com> wrote:

> 1. there was not a formal mediator. and 2. that has certainly been our position throughout.
>
> Do not think that I am fighting to withhold some meaningful secret document(s). But when your side demands that a settlement be confidential, you need to accept that reality. As soon as you file a pleading that argues otherwise, we are certainly intending to make that pleading widely known for all TMCC and SheppardMullin cases in the future opposite other NACA members.
>
> Len
>
> On Jan 4, 2013, at 8:51 PM, Christopher Loveland wrote:
>
>> So there was no formal mediation or mediator?

1

Also, it now is your position that no communications exist with Equifax and its counsel relating to the litigation and ultimate settlement of the Equifax case? Please confirm.

On Jan 4, 2013, at 8:39 PM, "Leonard Bennett" <lenbennett@clalegal.com> wrote:

> There are no emails. There is a confidential settlement agreement. So IF a motion to compel were granted - that is all you get. We are willing to see if Eqx will allow you to see the standard language it used to describe the limitation on online reporting. But it's really absurd that you are wasting your client's fee obligations - yours and mine - on this meaningless effort.
>
> Sent from my iPhone
>
> On Jan 4, 2013, at 8:32 PM, "Christopher Loveland" <cloveland@sheppardmullin.com> wrote:
>
>> Again, please respond to my questions below. I am available to discuss if that would be more convenient.
>>
>> On Jan 4, 2013, at 8:24 PM, "Leonard Bennett" <lenbennett@clalegal.com> wrote:
>>
>>> Offline is not a freeze. It just requires a human to telephone Eqx.
>>>
>>> Sent from my iPhone
>>>
>>> On Jan 4, 2013, at 7:56 PM, "Christopher Loveland" <cloveland@sheppardmullin.com> wrote:
>>>
>>>> Len,
>>>>
>>>> What are the answers to my questions below?
>>>>
>>>> Also, I am confused by your assertion that "there was never any freeze itself." This directly contradicts plaintiffs' allegations in the Amended Complaint, such as in paragraph 5, that, as a result of the Equifax lawsuit, the credit report was "taken offline or frozen by Equifax." Are you now taking the position that no such freeze occurred?
>>>>
>>>> Christopher Loveland
>>>> 202.772.5313 | direct

202.312.9432 | direct fax
cloveland@sheppardmullin.com | Bio

## SheppardMullin

Sheppard Mullin Richter & Hampton LLP
1300 I Street, NW, 11th Floor East
Washington, DC 20005-3314
202.218.0000 | main
www.sheppardmullin.com

---

**From:** Leonard Bennett [mailto:lenbennett@clalegal.com]
**Sent:** Friday, January 04, 2013 7:06 PM
**To:** Christopher Loveland
**Cc:** Anna McLean; Lai Yip; Ryan Rosner; trb@tbreedenlaw.com Breeden
**Subject:** Re: Guimond v. TMCC

There was never any discussion of the freeze in writing. And there was never any freeze itself - otherwise you would lose on a retaliation claim. Your current position contradicts your MTD.

Sent from my iPhone

On Jan 4, 2013, at 6:40 PM, "Christopher Loveland" <cloveland@sheppardmullin.com> wrote:

> Len,
>
> I have not yet received a response to my questions below. Do you have a minute to discuss?
>
> Thanks,
>
> Chris
>
> Christopher Loveland
> 202.772.5313 | direct
> 202.312.9432 | direct fax
> cloveland@sheppardmullin.com | Bio
>
> ## SheppardMullin
> Sheppard Mullin Richter & Hampton LLP

3

1300 I Street, NW, 11th Floor East
Washington, DC 20005-3314
202.218.0000 | main
www.sheppardmullin.com

**From:** Christopher Loveland
**Sent:** Thursday, January 03, 2013 7:46 PM
**To:** 'Leonard Bennett'
**Cc:** Anna McLean; Lai Yip; Ryan Rosner; trb@tbreedenlaw.com Breeden
**Subject:** RE: Guimond v. TMCC

Len,

Were these communications and the resulting settlement agreement part of a formal mediation program or was a mediator involved?

We have previously explained why the documents are relevant, including my emails to you of 12/11/12 at 9:58 pm, 12/13/12 at 3:50 pm and 12/13/12 at 10:19 pm. As I stated previously:

> Among other things, we are entitled to documents relating to the parameters of the credit freeze. That includes, among other things, any

4

instructions given to Equifax in the event of a credit inquiry. As alleged in the amended complaint, "as a result" of the lawsuit against Equifax, Mr. Guimond's credit report was frozen. You have alleged that TMCC either could have or did obtain Mr. Guimond's credit report anyway. There is a direct link between the terms of the settlement of that case and the allegations against TMCC.

Plaintiffs' ECOA and VECOA claims both allege that the stated reason for TMCC's denial of credit was false. We are entitled to discovery showing that it is accurate, which includes the parameters of the credit freeze set forth in the settlement agreement and related communications with Equifax and its counsel in that litigation.

Is it your position that TMCC is not entitled to any discovery regarding the parameters of the credit freeze put in

5

place as a result of the lawsuit with Equifax?

Chris

**From:** Leonard Bennett [mailto:lenbennett@clalegal.com]
**Sent:** Thursday, January 03, 2013 7:19 PM
**To:** Christopher Loveland
**Cc:** Anna McLean; Lai Yip; Ryan Rosner; trb@tbreedenlaw.com Breeden
**Subject:** Re: Guimond v. TMCC

You are asking for communications between Eqx and the Plaintiff regarding their settlement negotiations.

These will not be admissible. They are privileged.

Though all of this is likely academic as I am not aware of a single page that has anything remotely to do with thus case.

Again, I ask - I demand - WHAT is the purpose you believe is served by the disputed discovery? How would it be either relevant or lead to the discovery of relevant evidence?

This is my fourth time asking.

6

Len Bennett

Sent from my iPhone

On Jan 3, 2013, at 6:19 PM, "Christopher Loveland" <cloveland@sheppardmullin.com> wrote:

> Len,
>
> In going back through our meet and confer emails, I could not find any explanation regarding plaintiffs' assertion of a mediation privilege. What is the basis of this objection?
>
> Thanks,
>
> Chris
>
> Christopher Loveland
> 202.772.5313 | direct

7

202.312.9432 | direct fax

clovelan d@shep pardmull in.com | Bio

## Sheppard Mullin

Sheppard Mullin Richter & Hampton LLP
1300 I Street, NW, 11th Floor East
Washington, DC 20005-3314
202.218.0000 | main
www.sheppardmullin.com

**From:** Leonard Bennett [mailto:lenbennett@clalegal.com]
**Sent:** Friday, December 28, 2012 2:47 PM
**To:** Christopher Lovelan

d
**Cc:** Anna McLean; Lai Yip; Ryan Rosner; trb@tbreedenlaw.com Breeden
**Subject:** Re: Guimond v. TMCC

I am available all day on January 3. However, we have already met and conferred at length electronically. You should file your motion and you can truthfully state that we have complied with Local rule

9

37. In fact, I will be attaching the emails regardless.

As to the deps, I understood that you wanted these after January 28. You have now changed that plan, I gather. We have requested a date for your declarant. We should set the deps the same week if possible. I will be taking the TMCC witness by

10

video and phone, so location does not matter. However it make scheduling sense to book them back to back. So let's set your declarant for January 22 and Tom will make certain we can get the Guimonds for January 23.

Regards,
Len

On Dec 28, 2012, at 2:34 PM, Christopher

11

Loveland wrote:

Len,

Please let me know your clients' availability to be deposed on the following dates: January 15, 16, 17, 22 or 23. I expect we could complete the depositions of your clients in one day (Mr. Guimond starting in the morning followed by Mrs. Guimond mid-

12

Case 3:12-cv-00606-JAG Document 38-4 Filed 01/10/13 Page 14 of 17 PageID# 272

afternoon).

Also, please let me know if you are available for a meet and confer on either December 31 in the morning or January 3 regarding plaintiffs' objections to TMCC's document requests.

Thanks,

Chris

<u>Circular 230 Notice:</u> In accordance with Treasury Regulation

s we notify you that any tax advice given herein (or in any attachments) is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of (i) avoiding tax penalties or (ii) promoting,

14

marketing or recommending to another party any transaction or matter addressed herein (or in any attachments).

<u>Attention:</u> This message is sent by a law firm and may contain information that is privile

15

ged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.