# EXHIBIT 5
## to Memo iso Motion to Compel Production

**EXHIBIT 5**
to Memo iso Motion to Compel Production

## Allen Rose

**From:** Ryan Rosner
**Sent:** Thursday, January 10, 2013 1:25 PM
**To:** Ryan Rosner
**Subject:** Exhibit 5

---

**From:** Leonard Bennett [mailto:lenbennett@clalegal.com]
**Sent:** Thursday, December 13, 2012 4:06 PM
**To:** Donna Winters
**Cc:** Christopher Loveland
**Subject:** Re: Guimond v. Toyota Motor Credit Corp.

Okay. Continue with Tom gathering documents.

On Dec 13, 2012, at 3:57 PM, Donna Winters wrote:

Len,
It was my understanding that he was self represented because he received the letter directly from Lewis Perling, however, I have located the complaint and it appears that he was represented by Keith Knowlton in Arizona.

Donna Winters
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23606
Telephone: 757-930-3660
Facsimile: 757-930-3662
dwinters@clalegal.com

This message contains information from Consumer Litigation Associates, P.C. which may be confidential and privileged. If you are not the intended recipient and have receive this transmission in error, please contact (757) 930-3660 to report same.

Begin forwarded message:

**From:** Christopher Loveland <cloveland@sheppardmullin.com>
**Date:** December 13, 2012 3:50:55 PM EST
**To:** Leonard Bennett <lenbennett@clalegal.com>

**Cc:** Donna Winters <dwinters@clalegal.com>, "trb@tbreedenlaw.com" <trb@tbreedenlaw.com>, Susan Rotkis <srotkis@clalegal.com>, Anna McLean <AMcLean@sheppardmullin.com>, Ryan Rosner <RRosner@sheppardmullin.com>, Lai Yip <LYip@sheppardmullin.com>
**Subject: RE: Guimond v. Toyota Motor Credit Corp.**

I still do not understand how the attorney-client privilege would apply to a self-represented party. Please provide authority for that proposition. In addition, even if the work product doctrine applied to a pro se party, I still do not understand how the categories of documents at issue (all communications between counsel for the Guimonds and Equifax and its counsel relating to the allegations, prosecution and ultimate settlement of the Equifax case; and the settlement agreement entered into by the parties in the Equifax case) could possibly contain work product. Please explain.

Also, as explained previously below, the documents we seek are directly related to the following allegation in the amended complaint:

Plaintiff Mark Guimond had previously sued Equifax as a result of errors on his
credit report. As a result of this, Plaintiff Mark Guimond's credit report was lawfully taken
offline or frozen by Equifax. As a result, Mr. Guimond's consumer report was not then available
by automated means, but was nonetheless available when a manual request was made by a
potential creditor (or other user).

Christopher Loveland
202.772.5313 | direct
202.312.9432 | direct fax
cloveland@sheppardmullin.com | Bio

**Sheppard**Mullin
Sheppard Mullin Richter & Hampton LLP
1300 I Street, NW, 11th Floor East
Washington, DC 20005-3314
202.218.0000 | main
www.sheppardmullin.com

---

**From:** Leonard Bennett [mailto:lenbennett@clalegal.com]
**Sent:** Wednesday, December 12, 2012 9:53 PM
**To:** Christopher Loveland
**Cc:** Donna Winters; trb@tbreedenlaw.com; Susan Rotkis; Anna McLean; Ryan Rosner; Lai Yip
**Subject:** Re: Guimond v. Toyota Motor Credit Corp.

Work product still applies, even as to non-attorneys. And the mediation privilege (e.g. any communications he had in negotiating a settlement with Equifax) still applies.

And of course we could file a privilege log OR we could move for a PO. Its our option. And as its just as burdensome to file a motion, that is how we will proceed.

Would you please tell me why you believe these documents are discoverable? What evidence do you think they could provide directly or through discovery?

2

Len Bennett

On Dec 12, 2012, at 9:50 PM, Christopher Loveland wrote:

If your client was self-represented, why would there be any work product or attorney-client privileged communications in the Equifax case? Also, unless I am missing something, it seems that to the extent any documents exist that properly fall under the mediation privilege, they should be listed on a privilege log and it would be incumbent on us to move to compel if we believe that the privilege does not apply. A protective order seems unnecessary under the circumstances. I would also note that our narrowed document requests seek communications between the parties and not with a mediator.

On Dec 12, 2012, at 5:06 PM, "Leonard Bennett" <lenbennett@clalegal.com> wrote:

> Thank you. We will move for a PO only as to numbers 2 and 3 in your email and not on privilege grounds for 3. Settlement discussions between the client who was self represented and Eqx remain mediation privileged. Further, none of this is calculated to lead to the discovery of relevant evidence. The Eq diversion is simply an effort to cause work. Your own docs show the Eq inquiry.
>
> Sent from my iPhone
>
> On Dec 12, 2012, at 4:47 PM, "Christopher Loveland" <cloveland@sheppardmullin.com> wrote:
>
>> We are willing to modify the scope of document request 1 by limiting it to the following documents (1) all pleadings in the Equifax case; (2) all communications between counsel for the Guimonds and Equifax and its counsel relating to the allegations, prosecution and ultimate settlement of the Equifax case; and (3) the settlement agreement entered into by the parties in the Equifax case. Given our proposed narrowing of the scope of document request 1, a privilege log is not necessary for that request. The settlement agreement and related documents are not privileged, and any confidentiality concerns may be addressed pursuant to the terms of the parties' protective order in this case. That is what a protective order is for. Let us know if this proposal is acceptable.
>>
>> Christopher Loveland
>> 202.772.5313 | direct
>> 202.312.9432 | direct fax
>> cloveland@sheppardmullin.com | Bio
>>
>> **Sheppard**Mullin
>> Sheppard Mullin Richter & Hampton LLP

3

1300 I Street, NW, 11th Floor East
Washington, DC 20005-3314
202.218.0000 | main
www.sheppardmullin.com

**From:** Leonard Bennett [mailto:lenbennett@clalegal.com]
**Sent:** Wednesday, December 12, 2012 8:45 AM
**To:** Christopher Loveland
**Cc:** Donna Winters; trb@tbreedenlaw.com; Susan Rotkis; Anna McLean; Ryan Rosner; Lai Yip
**Subject:** Re: Guimond v. Toyota Motor Credit Corp.

What question?  Your request is over broad.  It seeks work product and privileged communications from the Eqx case.  No way those are discoverable.  Even the logging of them would be a concern.  So we move for a PO.  The settlement agreement is not discoverable.   Lots of law for us there.

Add to that the very limited range of discovery available to you before January: whether the notice that was sent was accurate and specific.

Please confirm that you have narrowed RFP 1.

Sent from my iPhone

On Dec 12, 2012, at 8:09 AM, "Christopher Loveland" <cloveland@sheppardmullin.com> wrote:

> What is the answer to our question?
>
> Christopher Loveland
> 202.772.5313 | direct
> 202.312.9432 | direct fax
> cloveland@sheppardmullin.com | Bio
>
> **Sheppard**Mullin
> Sheppard Mullin Richter & Hampton LLP
> 1300 I Street, NW, 11th Floor East
> Washington, DC 20005-3314
> 202.218.0000 | main
>
> www.sheppardmullin.com

4

**From:** Leonard Bennett [mailto:lenbennett@clalegal.com]
**Sent:** Wednesday, December 12, 2012 5:07 AM
**To:** Christopher Loveland
**Cc:** Donna Winters; trb@tbreedenlaw.com; Susan Rotkis; Anna McLean; Ryan Rosner; Lai Yip
**Subject:** Re: Guimond v. Toyota Motor Credit Corp.

I understand your position. We will move for a PO and fees.

Len


On Dec 11, 2012, at 9:58 PM, Christopher Loveland wrote:

Mr. Bennett,

We disagree that our document requests are improper. As to your first item below, we are willing to agree that privileged communications with your clients that occurred after the denial of their credit by TMCC that relate to the allegations in the complaint filed in this case do not need to be included on a privilege log. We likewise would not log privileged communications with TMCC relating to the

5

allegations in the Complaint that occurred after service of the Complaint. If other privileged communications exist with your clients that somehow would be responsive to our document requests, they should be included on a privilege log absent a further explanation in a meet and confer as to what other categories of privileged communications exist.

With respect to your second item, there are allegations regarding the Equifax lawsuit in the Amended Complaint (see, e.g., paragraph 5) and we certainly are entitled to discovery relating to those allegations. We also are entitled to determine, among other things, the parameters of Equifax's freezing of the plaintiffs' credit reports. In addition, it is unclear from your email why you believe privileged communications that are otherwise responsive to discovery requests do not need to be logged. Please explain the basis for your position. Finally, to the extent there is a concern about a confidentiality provision in the Equifax settlement agreement, as indicated in your

6

Rule 26 disclosures, the agreement should be designated confidential under the parties' protective order and produced.

Chris

---

**From:** Leonard Bennett [mailto:lenbennett@clalegal.com]
**Sent:** Tuesday, December 11, 2012 4:28 PM
**To:** Christopher Loveland; Donna Winters
**Cc:** trb@tbreedenlaw.com; Susan Rotkis; Anna McLean; Ryan Rosner; Lai Yip
**Subject:** Re: Guimond v. Toyota Motor Credit Corp.

Counsel:

I am writing to meet and confer with you regarding this case, prior to our intended filing of a Motion for a Protective Order. Your discovery requests for production are improper as follows:

First, we ask that the Parties agree that correspondence to, from or generated within the litigation law firms in this case are not subject to these (or our) requests. this will avoid the need for a Rule 26b5 log for these clearly undiscoverable

7

documents. This concern is generally stated as to nearly all of your requests. In addition:

RFP 1. You are not entitled to documents regarding our client's lawsuit as to Equifax as we have removed the allegations based on retaliation. Further, many of these documents include correspondence that is otherwise privileged - mediation, work product and atty-client. We do not intend to file a privilege log and will prior to our deadline instead move for a PO.

Len Bennett

On Dec 11, 2012, at 2:44 PM, Christopher Loveland wrote:

Please find attached a copy of defendant's first requests for production of documents. Per the parties' agreement, a Word version also is attached.

Christopher Loveland
202.772.5313 | direct
202.312.9432 | direct fax
cloveland@sheppardmullin.com | Bio

8

**Sheppard**Mullin
Sheppard Mullin Richter & Hampton LLP
1300 I Street, NW, 11th Floor East
Washington, DC 20005-3314
202.218.0000 | main

www.sheppardmullin.com

<u>Circular 230 Notice:</u> In accordance with Treasury Regulations we notify you that any tax advice given herein (or in any attachments) is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of (i) avoiding tax penalties or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or in any attachments).

<u>Attention:</u> This message is sent by a law firm and may contain information that is privileged or confidential. If

9

you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. <image2012-12-11-143023.pdf><Guimond First Set of Requests for Production.doc.doc>