UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MARK F. GUIMOND,**
**KALLIE A. GUIMOND,**
*on their own behalf and*
*on behalf of all others similarly situated*,

        **Plaintiffs,**

v.                                          CIVIL NO. 3:12-cv-00606-JAG

**TOYOTA MOTOR CREDIT CORPORATION,**

        **Defendant.**

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL

The Plaintiffs, Mark and Kallie Guimond, oppose the Defendant's Motion to Compel production of documents related to a confidential settlement agreement. The Defendant argues it needs the confidential settlement documents because they are "directly related to one of the central allegations in this case" and that "they are not subject to any privilege" or such privilege is waived. (Def.'s Motion to Compel at 1)(Doc. 37). Defendant suggests that it has narrowed its request for production by only seeking (1) all pleadings in the case that is the subject of the settlement with Equifax, (2) all communications between Mr. Guimond and Equifax's lawyers, and (3) the confidential settlement agreement itself. (Def.'s Mem. at 4)(Doc. 38).

Defendant's motion to compel should be denied because its demand for production is (1) irrelevant because none of the documents requested relate to a claim or defense in the case currently before the court; (2) the settlement agreement contains a confidentiality clause that forbids the Plaintiffs from producing it (which confidentiality agreement third-party Equifax has refused to waive)(Ex. A, Decl. of Susan M. Rotkis); (3) Defendant seeks to obtain confidential settlement communication between Plaintiffs and Equifax during a prior case, which

1

communications are time-honored as inadmissible both under Fed. R. Evid. 408 and Virginia's settlement discussion privilege doctrine; (4) Defendant has the power to use a third-party subpoena to obtain the documents it seeks or deposition testimony from Equifax, the party with control over the confidentiality provision; (5) all financial services defendants – including Toyota Motor Credit Corporation – demand confidentiality clauses in agreeing to settle a case. In facilitating settlement conferences and settlement agreements, this court has demanded that plaintiffs agree to confidentiality clauses when settling with financial services defendants. It is flippant of Defendant to suggest that a confidentiality clause is unenforceable when confidentiality has not been waived and such clauses are routinely required in order to settle cases and move them off the court's docket. *Poulin v. Gen. Dynamics Shared Res., Inc.*, 3:09-CV-00058, 2010 WL 1257751 (W.D. Va. Mar. 26, 2010) (holding that even where there is a presumption that a particular settlement agreement is subject to public disclosure by statute, "the Court recognizes that it must weigh the parties' interests in privacy and in encouraging the settlement of this case, and future cases. These are substantial interests and are not to be lightly set aside.")

**INTRODUCTION**

Defendant is attempting to compel production of documents related to a confidential settlement agreement that are not reasonably calculated to lead to discovery of admissible evidence. *Pennington v. Midland Credit Mgmt., Inc.*, Civ. No. 1:10CV112, 2010 WL 3187955, at **1-2 (E.D. Va. Aug. 9, 2010)(overruling the magistrate judge's granting of defendant's motion to compel production of a confidential settlement agreement, held that confidential settlement agreements having no connection to the material facts of the case were irrelevant and thus not discoverable); *accord Brim v. Midland Credit Mgmt., Inc.*, Civ. No. 5:10cv369-IPJ

(N.D. Ala. Feb. 14, 2011)(Doc. 58)(granting motion *in limine* prohibiting any mention of prior settlements as irrelevant and denying Defendant's motion to amend answer to include theories of offset and contributory negligence unavailable in an FCRA claim).

The issue in this case may be one of semantics, but not a semantic issue that is dispositive of the case. In the Amended Complaint, the Plaintiffs allege:

> Plaintiff Mark Guimond had previously sued Equifax as a result of errors on his credit report. As a result of this, Plaintiff Mark Guimond's credit report was lawfully taken offline or frozen by Equifax. As a result, Mr. Guimond's consumer report was not then available by automated means, but was nonetheless available when a manual request was made by a potential creditor (or other user).

(Am. Compl. ¶5).

Throughout this litigation thus far, it is possible that there has been confusion that the Plaintiffs allege that there is a "security freeze" in place. The allegation of the Amended Complaint does not allege that there is a security freeze in place, the allegation in the Amended Complaint states that Mr. Guimond's Equifax consumer report was taken "offline." *Id*. The point of taking a report offline, whether by agreement or security freeze, is to require a person requesting the report to directly involve the consumer in obtaining the report from the consumer reporting agency. An offline report requires notice, knowledge and involvement of the Plaintiff. Both sides agree that absent that involvement by Mr. Guimond, TMCC automated computer process was inappropriate and ineffective.

### ALLEGATIONS IN THE AMENDED COMPLAINT

The Plaintiffs filed a detailed complaint that states a claim entitling them to relief. The issue in this motion to compel concerns Plaintiffs' allegation that his Equifax consumer report was offline and frozen. The only disputed fact in this case is whether the Defendants adverse

action notice was legally sufficient and true.  Plaintiffs have alleged that it was both false and inadequate.

Defendant does not contest Plaintiffs' allegations that they are "consumers" (Am. Compl. ¶ 3) and Defendant a "creditor" (Am. Compl. ¶ 4) governed by the ECOA and Virginia Equal Credit Opportunity Act ("VECOA"), Virginia Code §6.2-500, *et seq*. [1] The Guimonds jointly applied for credit (Am. Compl. ¶ 6), and TMCC took an "adverse action" upon such application (Am. Compl. ¶ 9).

1. When TMCC received Plaintiffs' application for credit, it requested and received Mrs. Guimond's credit report from both Equifax and Experian. (Am. Compl. ¶ 7).

2. When TMCC received Plaintiffs' application for credit, it requested and received Mr. Guimond's Experian credit report. (Am. Compl. ¶ 8).

3. When TMCC received Plaintiffs' application for credit, it requested Mr. Guimond's Equifax credit report only "through its automated process." (Am. Compl. ¶ 8). As a result of a prior lawsuit against Equifax, Mr. Guimond's Equifax credit report is offline.  (Am. Compl. ¶ 5).

4. Had a live human being at TMCC requested Mr. Guimond's Equifax credit report "manually," it would have been provided. (Am. Compl. ¶ 8).  When Defendant attempted to electronically access Mr. Guimond's Equifax report, it received – solely for Mr. Guimond's Equifax report – a message that it could access his report by manually contacting and telephoning Equifax. (Am. Compl. ¶ 20).

5. Defendant did not exercise the option to access Mr. Guimond's Equifax report manually. (Am. Compl. ¶¶ 8, 20).

---

[1] Both Parties agree that as goes the ECOA claim, so goes the VECOA claim.  *See* Def. Mem. at 13.

4

6. On January 25, 2011, Defendant mailed to *both* Mr. Guimond and Mrs. Guimond a "adverse action" notice stating as its sole explanation for the denial, "access to credit report denied." (Am. Compl. ¶¶ 9, 15). *See* Letter from TMCC to Guimonds dated 1/25/2011, attached as Ex. 2 to Decl. of Gloria Ham; and, "Template of the Adverse Action Notice" attached as Ex. 1 to Decl. of Gloria Ham. (Doc. No. 31).

7. "Access to credit report denied" was untrue and incomplete because (a) it received all reports requested for Mrs. Guimond; (b) it received Mrs. Guimond's Equifax report; (c) it was only denied automated or online access to Mr. Guimond's report; (d) it did not request manually from Equifax Mr. Guimond's report; (e) if it had requested a manual report from Equifax for Mr. Guimond, it would have been granted access.

## STANDARD OF REVIEW

In order for the Defendant to prevail in its motion, it must demonstrate that it is entitled to compel production of a confidential settlement agreement and related documents by showing that it is (1) relevant; and (2) likely to lead to the discovery of admissible evidence. In this case, the confidential settlement agreement and affiliated documents are not only irrelevant and not likely to lead to the discovery of admissible evidence, they are subject to a confidentiality clause that the Plaintiffs are unable to unilaterally waive. It is within the court's sound discretion to order production of an otherwise confidential document. *Belcher v. Bassett Furn. Indus. Inc*. 588 F.2d 904 (4th Cir. 1978).

## ARGUMENT

For purposes of this motion, no one disputes that Mr. Guimond's Equifax Consumer Report was offline, which made it inaccessible by automated or online means. The reason that the Mr. Guimond's Equifax report was not availably by automated means is irrelevant to any

claim or defense in this case. The only issue, and its not even a dispositive issue, is whether Defendant attempted to access Mr. Guimond's credit report by manually requesting it.

1. **It is not disputed that automated access to Mr. Guimond's Equifax consumer report was not possible because it was offline.**

It is indisputable that every consumer is entitled by law to obtain a freeze on his or her consumer report, regardless of the reason.[2] Whether it is the result of a lawsuit, confidential settlement agreement, a consumer's request due to identity theft or fraudulent activity in a consumer's credit file, or for no reason whatsoever, a consumer may request and obtain a security freeze related to their credit report. Every consumer can request that the freeze be lifted in order to allow access to their report by potential creditors, employers, and insurers.

In this case, the Plaintiffs alleged that the report was offline, not the subject of a security freeze. The reason does not matter. There is no dispute that there was no online access to Mr. Guimond's Equifax report. The allegations of the Amended Class Action Complaint are that despite this fact, TMCC could have accessed Mr. Guimond's Equifax report by manual means but it did not do so. Additionally, automated access to Mrs. Guimond's credit report was not denied by Equifax, it was in fact furnished to TMCC. Furthermore, TMCC accessed and received Mr. Guimond's consumer report from other consumer reporting agencies by automated means.

While it is true that the reason the report is offline is because Mr. Guimond filed a lawsuit against Equifax in the past, it is also true that it is completely irrelevant to the fact that TMCC did not attempt to either manually access Mr. Guimond's report nor did TMCC even bother to pick up the phone to call Equifax or Mr. Guimond himself to find out whether his Equifax report was available by other means.

---

[2] All 50 states, Puerto Rico and the District of Columbia have enacted such laws.

**2. There is a confidential settlement agreement in place that Mr. Guimond cannot unilaterally waive.**

There are two parties to the confidential settlement agreement: Mr. Guimond and Equifax. Equifax has refused to consent to the disclosure of any of the information requested by Defendant. Plaintiffs have requested permission of Equifax to produce the confidential settlement documents, but it has refused. The scope of the confidentiality clause in the settlement agreement is so broad that it applies to most of the other requests for information regarding the underlying circumstances including pleadings and communications in the underlying lawsuit.

Despite Plaintiffs' explanation to TMCC that confidentiality cannot be unilaterally waived, Defendant has not issued a third-party subpoena to Equifax seeking these documents or testimony regarding the settlement but instead filed a motion to compel. There are legal and policy reasons that a court should not order the disclosure of a settlement agreement where the parties agreed to confidentiality provisions, including to encourage early and amicable resolution of cases and to limit the possibility of encouraging future litigation. *Stephens v. County of Albemarle*, 422 F. Supp. 2d 640, 644 (W.D. Va. 2006)(explaining that the court regularly enforces confidentiality provisions in settlement agreements, reasoning that it's necessary for early amicable outcomes, "confidentiality may be of paramount concern to the parties, especially where one side fears that publicity of a settlement might encourage further litigation.")(citations omitted).

The Defendants suggest that the Protective Order in this case will maintain the confidentiality of the Equifax Documents, thus obviating Plaintiffs' concerns. This argument is flawed for several reasons. First, The presence of a stipulated protective order is not one of the exceptions spelled out in the agreement that relieves Mr. Guimond's confidentiality obligation.

Second, Equifax has expressly refused to give its permission. Third, the Defendant has failed to cite one cognizable authority in support of its position that the protective order in this case trumps the strong presumption that the confidentiality of the settlement negotiations and agreement should enforced.

Furthermore, it would be unprecedented for the court to order settlement communications to be discoverable when there is a Federal Rule of Evidence directly on point (exceptions to this rule don't apply here):

> **a) Prohibited Uses.** Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
> **(1)** furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and
> **(2)** conduct or a statement made during compromise negotiations about the claim--except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

Fed. R. Evid. 408. Even though it is a rule of evidence and not of discovery, the end-game cannot be ignored: the evidence is inadmissible. The public policy of encouraging settlement which underlies that rule is the same policy that protects confidential settlement agreements and absent extraordinary circumstances, would not be admissible at trial. Therefore, absent an extraordinary reason – which Defendant hasn't articulated – there is no support for ordering the production of settlement communications. *Fiberglass Insulators, Inc. v. Dupuy*, 856 F.2d 652, 653 (4th Cir. 1988). However, having considered the rule and the law on point, Plaintiffs have attached correspondence to Mr. Guimond from counsel for Equifax more than seven years after the lawsuit settled. The correspondence was sent to Mr. Guimond as a courtesy, it is not a settlement communication and it is not part of the settlement agreement entered by Mr.

Guimond. This letter confirms that Mr. Guimond's Equifax report is offline, not the subject of a security freeze.

### 3. Financial Services defendants uniformly demand confidentiality agreements when settling consumer lawsuits.

This case is no different from every case in which a confidential settlement is reached. In the context of settlement conferences, this court has insisted that consumers agree to confidentiality clauses when settling a case. Settlement leads to expedient resolution by compromise, which may expressly be due to the confidentiality clause. Rarely is in the consumer's interest to enter a confidentiality agreement, and often consumers don't want to agree to it. But in the interest of resolving a case and conserving judicial resources, consumers accept it. In this case, it would be an absurd result to order production of an otherwise privately negotiated and valid confidentiality clause when one of the parties to the agreement has not only refused to consent to its disclosure, but hasn't been joined in this proceeding or subpoenaed for the documents. *Stephens*, 422 F. Supp. 2d at 644. As a practical matter, TMCC knows this.

As a matter of fundamental fairness and common sense, it is unlikely that TMCC would ever agree to allow its confidential settlement agreements to be disclosed in unrelated litigation on the bases that it has articulated in its motion. There is no presumption in favor of disclosure. To rule in favor of the Defendant would set an impractical precedent that would countervail the articulated public policy and judicial economy reasons for protecting settlement communications and documents.

**Conclusion**

Because the Defendant is not entitled to discovery of a confidential settlement agreement where one party to the agreement refuses to consent to its disclosure and is otherwise not joined in this action. For the reasons argued in this opposition, the court should deny Defendant's

motion to compel and find that he confidential settlement agreement is not the proper subject of Rule 34 discovery.

Respectfully Submitted,

MARK F. GUIMOND and
KALLIE A. GUIMOND,
On their own behalf and behalf of all
others similarly situated

_____/s/_____
Leonard A. Bennett, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
Telephone (757) 930-3660
Facsimile (757) 930-3662
E-mail: lenbennett@clalegal.com

Susan M. Rotkis, VSB #40693
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd. Suite 1-A
Newport News, Virginia 23601
Telephone - (757) 930-3660
Facsimile - (757) 930-3662
E-mail: srotkis@clalegal.com

Thomas R. Breeden, VSB#33410
THOMAS R. BREEDEN, P.C.
10326 Lomond Drive
Manassas, Virginia 20109
Telephone: (703) 361-9277
Facsimile - (703) 257-2259
E-mail: trb@tbreedenlaw.com

*Counsel for Plaintiffs*
CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of January 2013, a true copy of the foregoing is being filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Ryan Rosner
Sheppard Mullin Richter & Hampton LLP
1300 I Street NW

11th Floor
Washington, DC 20005-3314
Email: rrosner@sheppardmullin.com

Anna McLean
Sheppard Mullin Richter & Hampton LLP
4 Embarcadero Center
17th Floor
San Francisco, CA 94111
Email: amclean@sheppardmullin.com

Christopher Michael Loveland
Sheppard Mullin Richter & Hampton LLP
1300 I Street NW
11th Floor East
Washington, DC 20005-3314
Email: cloveland@sheppardmullin.com

Lai Lam Yip
Sheppard Mullin Richter & Hampton LLP
4 Embarcadero Center
17th Floor
San Francisco, CA 94111
(415) 774-3147
Fax: (415) 403-6221
Email: lyip@sheppardmullin.com

*Counsel for Defendants*

                                /s/
                              Susan M. Rotkis VSB 40693
                              CONSUMER LITIGATION ASSOCIATES, P.C.
                              763 J. Clyde Morris Boulevard, Suite 1-A
                              Newport News, Virginia 23601
                              Telephone (757) 930-3660
                              Facsimile (757) 930-3662
                              srotkis@clalegal.com

                              *Counsel for Plaintiffs*